UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

YANKEETOWN WATER AUTHORITY,  )
       Plaintiff,  )
         )
  vs.  )  3:05-cv-0055-RLY-WGH
         )
MASTER METER, INC.,  )
       Defendant.  )

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

Before the court is Plaintiff's Motion to Remand. For the reasons set forth below, that motion is **GRANTED**.

**I.    Facts**

Plaintiff purchased approximately six hundred water meters and related equipment manufactured and marketed by Defendant. The meters and metering equipment were purchased for the purpose of monitoring customer use to facilitate billing. Upon installation, several failures were discovered requiring the removal, packaging, and shipping of the defective units as well as the reinstallation of alternate units.

On March 11, 2005, Plaintiff filed a complaint in the Warrick Superior Court No. 2, alleging damages for the breach of warranties of merchantability applicable under Indiana law. Also on March 11, 2005, Defendant filed a Notice of Removal claiming an amount in controversy in excess of $75,000 and diversity of citizenship among the parties. Plaintiff now seeks to remand this action to the Warrick Superior Court No. 2.

**II.     Discussion**

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires (1) diverse citizenship between plaintiff and defendant and (2) an amount in controversy exceeding $75,000 exclusive of interest and costs.  *See* 28 U.S.C. § 1332.  The issue of diversity is not before the court.

The amount in controversy is determined according to the Plaintiff's state court complaint and the record as a whole.  *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).  Although the Complaint does not address specific damages, Plaintiff's Motion to Remand avers maximum damages of $48,000 or eighty dollars per defective unit.  (Motion to Remand, ¶ 7).  Plaintiff further admits that current damages approximate $5,000.  *Id.*  As both Plaintiff and Defendant now agree that damages fail to meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332, there remains no justification for federal jurisdiction.  (*See generally* Defendant's Response to Motion to Remand).

Accordingly, Plaintiff's Motion to Remand is **GRANTED**.

**ALL OF WHICH IS ORDERED** this   15th   day of June 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Charles Wade Arnold
CANTEY & HANGER LLP
carnold@canteyhanger.com

Todd C. Barsumian
KAHN DEES DONOVAN & KAHN
toddb@k2d2.com

S. Anthony Long
LONG & MATHIES LAW FIRM
demochair@aol.com